# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JOHN FRANCIS ARPINO, )
    #1018089 )
           Plaintiff, )   3:10-cv-0235-LRH-VPC
)
vs. )
)   **ORDER**
C/O ARENAS, *et al.*, )
)
           Defendants. )
_____/

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* is granted. (Docket #1). The court now reviews the complaint.

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section

1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

**II. Instant Complaint**

Plaintiff, who is incarcerated at Northern Nevada Correctional Center, has sued corrections officers Arenas, Burson, Rosado and Fergusson, doctors Mumford and Karen Gedney, Greg Martin, Nevada Department of Corrections ("NDOC") Medical Director Robert Bannister, NDOC Director Howard Skolnik, and John or Jane Does 1 through 10.

2

Plaintiff alleges that on May 28, 2008, while incarcerated at High Desert State Prison ("HDSP"), he was placed in a cell with an inmate who was a "known psychotic socio-path" with a history of violence in prison named Szczesny. Plaintiff claims that Szczesny attacked him, causing serious injuries including a fractured arm, broken bones in his face that required surgery and permanent blindness in his right eye. Plaintiff alleges that immediately preceding and during the attack he repeatedly asked corrections officers Rosado and Arenas, who both witnessed the attack, to open the cell door. He asserts that Doe defendants HDSP psychology and classification personnel allowed an inmate they knew to be dangerous to be released into the general population and that the officers refused to intervene when he was attacked in violation of his Eighth and Fourteenth Amendment rights.

Plaintiff further claims that on the date of the attack he was placed in administrative segregation for sixty-three days without a hearing. He claims that Lt. Burson wrote on the hearing notice that plaintiff was unavailable to sign for the hearing and that John/Jane Doe #7 falsely indicated in his I-file that a hearing took place. Plaintiff asserts that during this time corrections officer Fergusson handcuffed him every three days while he had an obviously fractured arm, causing great pain. He claims officers Burson, Fergusson and John/Jane Doe #7 violated his Eighth and Fourteenth Amendment rights.

Finally, plaintiff asserts that after the attack he was taken to the infirmary where Greg Martin instructed Jane Doe #8, the x-ray technician: "take a couple more pictures from a different angle. Let's try to hide some of this damage before he becomes a problem down the road." Plaintiff claims that Dr. Mumford told him "I'm not going to treat the injuries you received during that attack. The moneys [sic] just not in the budget for these things." Plaintiff alleges that Dr. Gedney gave him an eye patch and told him "that's why God gave you two eyes," and that Robert Bannister and Dr. Gedney waited almost a year to send plaintiff to an eye specialist. Plaintiff claims that the alleged delay caused him great, unwarranted pain and suffering. Plaintiff alleges that the defendant medical personnel acted with deliberate indifference to his serious medical needs in contravention of his Eighth and Fourteenth Amendment rights.

**A. Count I**

Plaintiff claims that officers Rosado and Arenas violated his Eighth and Fourteenth Amendment rights when they witnessed plaintiff being attacked by another inmate and refused to intervene. He also

3

asserts that Doe defendants HDSP psychology and classification personnel violated his Eighth and Fourteenth Amendment rights when they allowed an inmate they knew to be dangerous to be released into the general population.

With respect to the Eighth Amendment claims, "[p]rison officials have a duty to take reasonable steps to protect inmates from physical abuse." *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 200 2; *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). Plaintiff states an Eighth Amendment claim against officers Rosado and Arenas as well as against Doe defendants HDSP psychology and classification personnel.

Plaintiff makes a vague allegation that NDOC Director Skolnik violated his Eighth and Fourteenth Amendment rights "Due to the fact of him authorizing and approving, a procedure that violates federal law and infringes on the right to be free from cruel and unusual punishment. As well as the lack of due process." "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (proper to

4

1 dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff does not
2 describe to what procedure he refers nor does he allege that Director Skolnik had knowledge of or
3 participated in any alleged civil rights violation. All claims against Director Skolnik are dismissed with
4 prejudice.

**B. Count II**

Plaintiff alleges that corrections officer Burson made a false notation on a form indicating that plaintiff was unavailable for a hearing regarding his placement in administrative segregation and John/Jane Doe #7 falsely indicated in his I-file that such a hearing took place in violation of his due process rights under the Fourteenth Amendment.

"Prisoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner is placed in administrative segregation, prison officials must, within a reasonable time after the prisoner's placement, conduct an informal, non-adversary review of th evidence justifying the decision to segregate the prisoner. *See Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *Mendoza v. Blodgett*, 960 F.2d 1425, 1430 (9th Cir. 1992), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. The Supreme Court has stated that five days is a reasonable time for the post-placement review. Plaintiff states Fourteenth Amendment Due Process claims against corrections officer Burson and John/Jane Doe #7.

Plaintiff also alleges that corrections officer Fergusson violated his Eighth Amendment rights when he handcuffed plaintiff repeatedly while plaintiff had an obviously fractured arm, causing great pain. Plaintiff's allegations implicate the Eighth Amendment's prohibition of deliberate indifference to a serious medical need or the use of excessive force.

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986); *Watts v. McKinney*, 394

5

F.3d 710, 711 (9th Cir. 2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003); *Marquez v. Gutierrez*, 322 F.3d 689, 691-92 (9th Cir. 2003); *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002); *Jeffers v. Gomez*, 267 F.3d 895, 900 (9th Cir. 2001) (*per curiam*); *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1441 (9th Cir. 1995); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986). When determining whether the force is excessive, the court should look to the "extent of injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321); *see also Martinez*, 323 F.3d at 1184. Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." *Jordan*, 986 F.2d at 1528 n.7; *see also Jeffers*, 267 F.3d at 913 (deliberate indifference standard applies where there is no "ongoing prison security measure"); *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000). Moreover, there is no need for a showing of serious injury as a result of the force, but the lack of such injury is relevant to the inquiry. *See Hudson*, 503 U.S. at 7-9; *Martinez*, 323 F.3d at 1184; *Schwenk*, 204 F.3d at 1196.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, in some cases, it may be important to balance the "competing tensions" between "the prisoners' need for medical attention and the government's need to maintain order and discipline," in determining the prison officials' subjective intent. *Clement*, 298 F.3d at 905 n.4. Plaintiff states an Eighth Amendment claim against corrections officer Fergusson.

**C. Count III**

Plaintiff claims that the defendant medical personnel attempted to cover up the severity of his injuries and delayed treatment, causing him unnecessary pain and suffering, and thus were deliberately indifferent to his serious medical needs in contravention of his Eighth and Fourteenth Amendment rights.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*

*v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (*overruled on other grounds*), *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin*, 974 F.2d at 1059; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further

7

injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam); *Jett*, 439 F.3d at 1097-98 (where prisoner alleged that an almost two-month delay in receiving any treatment for a fractured thumb, and a nineteen-month delay in being seen by a hand specialist, had caused pain and the diminished use of his hand because the fracture had healed improperly, this was sufficient to state a claim of deliberate indifference to serious medical needs).

Plaintiff states an Eighth Amendment claim against the defendant medical personnel identified in Count III. Plaintiff sets forth no facts implicating any claim under the Fourteenth Amendment,[1] and therefore, his Fourteenth Amendment claim in Count III is dismissed with prejudice.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that plaintiff's claims against Defendant Howard Skolnik in Count I are **DISMISSED with prejudice and without leave to amend**. Defendant Skolnik is **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendants Rosado, Arenas and Doe psychology and classification personnel in Count I **may proceed**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims against defendants Burson and John/Jane Doe #7 in Count II **may proceed**.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendant Fergusson in Count II **may proceed**.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims against defendants Mumford, Gedney, Martin, Bannister, and Jane Doe #8 in Count III **may proceed**.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims against defendants

---

[1] "Where a particular amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273-74 (1994) (Rehnquist, C.J., for plurality) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Thus, the court has analyzed plaintiff's claims in Count III under the Eighth Amendment right to be free from cruel and unusual punishment rather any generalized notions of substantive due process under the Fourteenth Amendment, and his Fourteenth Amendment due process claim must be dismissed.

Mumford, Gedney, Martin, Bannister, and Jane Doe #8 in Count III are **DISMISSED with prejudice and without leave to amend**.

**IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order, including the attached Intent to Proceed with Mediation Form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**. The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Intent to Proceed with Mediation Form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 14th day of July, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

_____
Name

_____
Prison Number

_____
Address

_____

_____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____,  )   Case No. _____
             Plaintiff,      )
                                     )
v.                                    )   **NOTICE OF INTENT TO**
                                     )   **PROCEED WITH MEDIATION**
_____  )
                                     )
_____  )
             Defendants.   )
_____)

      This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes   \_\_\_\_ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

4.    List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation.  You may include a brief statement as to why you believe this case is suitable for mediation.  (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before twenty (20) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
Signature

_____
Name of person who prepared or
helped prepare this document